IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-3172-WJM-STV

LAURA CURTIN and
CHARLES CURTIN,

      Plaintiffs,

v.

ETHICON, INC., and
JOHNSON & JOHNSON,

      Defendants.

## ORDER STRIKING ETHICON'S MOTION TO LIMIT THE CASE-SPECIFIC TESTIMONY OF BRUCE ROSENZWEIG, M.D.

Before the Court is Defendants Ethicon, Inc. and Johnson & Johnson's (jointly, "Ethicon") Motion to Limit the Case-Specific Testimony of Bruce Rosenzweig, M.D. ("Motion to Limit"). (ECF No. 28.) Plaintiffs Laura Curtin and Charles Curtin responded in opposition. (ECF No. 31.) Ethicon appears to have filed no reply.

The Court has reviewed the parties' briefing on the Motion to Limit and concludes updated briefing is necessary so that the Court can properly discharge its gatekeeping role under Federal Rule of Evidence 702. *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005) (district court must act as a "gatekeeper" in admitting or excluding expert testimony).

In the Motion to Limit, Ethicon asks the Court to preclude Dr. Rosenzweig from offering the following opinions:

    1. opinions derived from his inadmissible general opinions,

> namely, opinions about (a) Ethicon's state of mind, knowledge, and conduct, (b) the adequacy of Ethicon's warnings for Ms. Curtin's Ethicon mesh implant, (c) any opinion that Ms. Curtin suffered complications caused by degradation and other alleged physical properties of her mesh implant, and (d) opinions about the availability of safer alternative designs and procedures;
>
> 2. opinions about the adequacy of the implanting physician's informed consent process for Ms. Curtin;
>
> 3. opinions concerning degradation, rigidity, roping, stiffening, curling, or cording;
>
> 4. any opinion that the use of an alternative design or procedure would have prevented Ms. Curtin's injuries;
>
> 5. any opinions concerning Ms. Curtin's need for future surgical intervention; and
>
> 6. any opinion that Ms. Curtin's TVT implant had "defects" or was "defective."

(ECF No. 29 at 1–2.) Throughout the brief, Ethicon references and relies on what appears to be a separate motion "to exclude Dr. Rosenzweig's general opinions on multiple grounds." (*Id.* at 3.) While Ethicon cites at least two memoranda in support of the motion (from Wave 3 and Wave 7 of the MDL), it did not attach them as exhibits, nor provide the Court with CM/ECF docket entry numbers. Regardless, to the extent Ethicon attempts to incorporate by reference analysis from previously filed motions and supporting memoranda into the Motion to Limit, it may not do so. *See Wilson v. Pauling*, 457 F. Supp. 3d 965, 978 n.2 (D. Colo. 2020) (recognizing that Fed R. Civ. P. 10(c) only allows statements in a pleading to be adopted by reference in a motion and that "[n]o authority extends Rule 10(c) to incorporation of a party's prior motion into a later motion").

As an initial matter, the Court will not spend its time searching for memoranda,

much less on such a voluminous docket.  More importantly, the incorporated memoranda appear to be stale; the Court queries whether the judge presiding over the MDL ruled on any motion to exclude general opinions since Ethicon filed the Motion to Limit, and if so, further queries why the parties did not move to supplement and update the briefing based on such an order (if it exists).  In addition, the Court requires briefing that stands on its own and does not incorporate by reference years-old memoranda.

In providing the Court with updated briefing, the Court directs the parties to update their submissions with relevant Colorado federal authority and other persuasive authority if the former is unavailable.  The Court's work on this and other pelvic mesh cases reveals that the same legal issues have arisen in numerous similar cases around the country (even issues specifically related to Dr. Rosenzweig's opinions), so to the extent the issues the parties raise have been decided, the Court expects specific, relevant citations to such authority.

Further, the Court expects to issue its order on Ethicon's Motion for Partial Summary Judgment (ECF No. 26) shortly.  The Court directs the parties to tailor their Rule 702 briefing to that order so the Court does not waste its time addressing moot points.

Generally, the parties are directed to carefully review their briefing and evidence on refiling and include sufficient argument, evidence, and citations so the Court may decide whether to exclude Dr. Rosenzweig's testimony.  Ethicon, in particular, is directed to carefully consider what aspects of Dr. Rosenzweig's testimony it can ask the Court to strike in good faith and under the bounds of Rule 702.

3

Based on the foregoing, the Court STRIKES the parties' briefing on Ethicon's Motion to Limit the Case-Specific Testimony of Bruce Rosenzweig, M.D. (ECF Nos. 28, 29, 31.)  By **March 23, 2021**, Ethicon may file a new Rule 702 motion.  The remaining briefing schedule shall comply with D.C.COLO.LCivR 7.1(d).

Dated this 2nd day of March, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge